**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JUDITH PIFER | ) | CASE NO. |
| P.O. Box 114 | ) | |
| 9 West Scioto Street | ) | JUDGE: |
| Commercial Point, OH 43116 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| STANLEY BLACK & DECKER, INC. | ) | |
| d/b/a Mac Tools | ) | **JURY DEMAND ENDORSED** |
| 4380 Old Roberts Rd. | ) | **HEREIN** |
| Columbus, OH 43228 | ) | |
| | ) | |
| **Serve also:** | ) | |
| c/o Stanley Black & Decker, Inc., | ) | |
| Statutory Agent | ) | |
| 1000 Stanley Drive | ) | |
| New Britain, CT 06053 | ) | |
| | ) | |
| **Serve also:** | ) | |
| c/o Corporation Service Company, | ) | |
| Statutory Agent | ) | |
| 50 West Broad Street, Suite 1330 | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Judith Pifer, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES**

1. Pifer is a resident of Commercial Point, a village in Pickaway County, Ohio.

2. Defendant Stanley Black & Decker, Inc. d/b/a Mac Tools ("Mac Tools") is a foreign corporation with its principal place of business located at 1000 Stanley Drive, New Britain,

CT 06053.  However, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Mac Tools' location at 4380 Old Roberts Rd., Columbus, OH 43228.

3. Mac Tools is, and was at all times hereinafter mentioned, an employer within the meaning of 42 U.S.C §2000e, *et seq.*, 42 U.S.C §12111, *et seq.*, 29 CFR § 825, *et seq.*, and R.C. § 4112.02.

## JURISDICTION & VENUE

4. Jurisdiction is proper over Defendant pursuant to 28 U.S.C. § 1331 in that Pifer is alleging federal law claims arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.§ 621, *et seq.*, and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S. Code § 12101, *et seq.*

5. Venue is properly placed in the United States District Court for the Southern District of Ohio, Eastern Division, because it is the district court for the district, division, and county in which the Defendant operates and conducts business, and/or the district, division, and county in which a substantial part of the events or omissions giving rise to Pifer's claims occurred.

6. Prior to instituting this action, Pifer filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 532-2017-00507, alleging that Defendant had terminated her because of her age and her actual or perceived disability.

7. Pifer was mailed her Notice of Right to Sue from the EEOC on December 18, 2017.

8. A true and accurate copy of Pifer's Notice of Right to Sue is attached hereto as Exhibit 1 and incorporated by reference.

9. Pifer has properly exhausted her administrative remedies pursuant to 29 U.S.C. §626(e).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

11. Pifer is a former employee of Mac Tools.

12. Pifer worked for Mac Tools as a Tool Handler from on or about July 9, 1985, until Mac Tools terminated Pifer's employment on or about April 15, 2016.

13. As an employee, Pifer never failed to meet the needs of customers and colleagues, and she performed her duties with an unparalleled level of dedication that had allowed her to maintain her position with the company for a long time.

14. Indeed, by all accounts, Pifer was a good employee and she loved her job.

15. At the time of her discharge, Pifer was 66 years old, and she was one of the oldest employees in her department.

16. Despite her age, Pifer never showed any sign that she could not perform her duties. To the contrary, Pifer was often called upon to use utilize her experience to train other employees.

17. Nearing her unfortunate termination, Pifer was accused of being too slow, having a low line count, and performing below her peers in the department - accusations that were never substantiated with any credible evidence.

18. In the midst of these accusations, Pifer was still allowed to train other employees. As such, despite these unsubstantiated claims, Pifer never thought anything would come of these accusations or that she would be terminated.

19. Additionally, Pifer always received the shorter end of the stick when it came to tenure recognition. While her younger colleagues received their tenure award in monetary form

-- averaging $500 -- Pifer received only a token wrench that she believed had been retrieved from the trash.

20. Indeed, Pifer's younger coworkers and colleagues were treated better than Pifer and were not reprimanded or disciplined for engaging in the same or worse conduct than Pifer.

21. In late 2015, Pifer was diagnosed with double carpal tunnel syndrome. Based on the medical advice of her physician, she had surgery in November and December, and returned to work January 18, 2016.

22. As a result of Pifer's medical condition, she was disabled under the ADA.

23. In the alternative, Mac Tools was aware of Pifer's medical condition and perceived her as disabled.

24. During her time off work, Pifer took approved medical leave under the Family and Medical Leave Act ("FMLA").

25. Sadly, Pifer's superiors at Mac Tools had associated her medical condition to her old age, and had started looking for ways to terminate her employment.

26. To Mac Tools, since Pifer had been falling ill frequently, often requiring surgery, she was considered a liability due to her disabilities.

27. Ultimately, Mac Tools decided to terminate Pifer's employment due to her disability.

28. Within just two months after she had returned from her medical leave, on or about March 18, 2016, Pifer was accused of embezzling money -- a claim that Mac Tools was never able to substantiate through its own internal investigation.

29. Despite being unable to prove these heinous allegations, Mac Tools used this unsubstantiated allegation as a basis to terminate Pifer's employment.

30. Mac Tools' reason for Pifer's discharge was pretext for age and disability discrimination.

31. Mac Tools terminated Pifer's employment because she was disabled and/or because Mac Tools perceived Pifer as disabled.

32. Mac Tools also terminated Pifer's employment because of her age.

33. Upon information and belief, Mac Tools replaced Pifer with someone who was not disabled and/or was substantially younger than Pifer.

34. As a result of being wrongfully terminated from Mac Tools, Pifer has suffered severe emotional distress, anxiety, and depression.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101**

35. Pifer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

36. Pifer notified Mac Tools that she had disabilities due to her double carpal tunnel syndrome.

37. Mac Tools was aware Pifer was disabled under the ADA.

38. In the alternative, due to Pifer's disabilities, Mac Tools perceived Pifer was disabled under the ADA.

39. Pifer's disabilities substantially impaired one or more major life activities under the ADA.

40. Despite her disabling conditions, Pifer was fully competent and qualified for the position of Tool Handler with Mac Tools.

41. Despite her disabling condition, Pifer was still able to perform the essential functions of her job.

42. Despite its duty to do so, Mac Tools refused to provide any reasonable accommodation to Pifer.

43. The ADA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

44. Mac Tools violated the ADA by, among other things, terminating Pifer's employment because of her actual and/or perceived disabilities.

45. As a direct and proximate cause of the Mac Tools' conduct, Pifer has suffered and will continue to suffer damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112, ET SEQ.**

46. Pifer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. Pifer notified Mac Tools she was disabled due to her double carpal tunnel syndrome.

48. Mac Tools was aware Pifer was disabled due to her medical condition.

49. In the alternative, Mac Tools perceived Pifer was disabled due to her double carpal tunnel syndrome.

50. Pifer's disabilities substantially impaired one or more major life activities.

51. Despite her disabling condition, Pifer was fully competent and qualified for the position of Tool Handler with Mac Tools.

52. Despite her disabling condition, Pifer was still able to perform the essential functions of her job.

53. Despite its duty to do so, Mac Tools refused to provide any reasonable accommodation to Pifer.

54. Ohio R.C. § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

55. Mac Tools violated R.C. § 4112.02(A) by, among other things, terminating Pifer's employment because of her actual and/or perceived disabilities.

56. As a direct and proximate cause of the Mac Tools' conduct, Pifer has suffered and will continue to suffer damages.

## COUNT III: WRONGFUL TERMINATION BASED ON DISABILITY DISCRIMINATION

57. Pifer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. On or about April 15, 2016, Mac Tools terminated Pifer's employment without just cause.

59. Mac Tools terminated Pifer's employment based on her actual or perceived disabilities.

60. Mac Tools violated the ADA and R.C. §4112.02 when it discharged Pifer based on her actual or perceived disabilities.

61. As a direct and proximate result of Mac Tools' conduct, Pifer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

62. Pifer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. Pursuant to 29 U.S.C. § 2601 et seq., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

64. Mac Tools is a covered employer under the FMLA.

65. During her employment with Mac Tools, Pifer qualified for FMLA leave.

66. Although Mac Tools approved Pifer's request for medical leave under the FMLA, it terminated her employment shortly after she returned to work in retaliation for exercising her rights under the FMLA.

67. Defendant thus unlawfully interfered with Pifer's rights under the FMLA in violation of § 105 of the FMLA and § 825.220 of the FMLA regulations.

68. Mac Tools' purported reason for terminating Pifer's employment was pretextual, and thus violated and interfered with her FMLA rights.

69. As a direct and proximate result of Defendant's conduct, Pifer suffered and will continue to suffer damages.

70. As a direct and proximate result of Defendant's conduct, Pifer is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

71. As a direct and proximate result of Defendant's conduct, Pifer has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V:  RETALIATORY DISCRIMINATION

72. Pifer restates each and every prior paragraph of this complaint, as if it were fully restated herein.

73. As a result of Pifer taking protected leave under the FMLA, Mac Tools terminated Pifer's employment.

74. Defendant's actions were retaliatory in nature based on Pifer taking leave under the FMLA.

75. Defendant violated the FMLA by, among other things, terminating Pifer's employment in retaliation for her taking protected medical leave.

76. As a direct and proximate result of Defendant's retaliatory conduct against and termination of Pifer, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

77. Pifer restates each and every prior paragraph of this complaint, as if it were fully restated herein.

78. At all times relevant, Pifer was over the age of 40, and thus, was a member of a statutorily-protected class under the ADEA.

79. At all times relevant, Pifer was qualified and capable of performing the essential functions of her job.

80. Defendant treated Pifer differently than other similarly situated employees based on her age.

81. Pifer suffered an adverse employment action. Namely, on April 15, 2016, Mac Tools terminated Pifer's employment due to her age.

82. Mac Tools violated the ADEA by discriminating against Pifer based on her age.

83. Mac Tools violated the ADEA by terminating Pifer based on her age.

84. As a direct and proximate result of the Defendant's conduct, Pifer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VII: WRONGFUL TERMINATION BASED ON AGE DISCRIMINATION IN VIOLATION OF THE ADEA

85. Pifer restates each and every prior paragraph of this complaint, as if it were fully restated herein.

86. As of April 15, 2016, Pifer was fully qualified for her position and employment with Mac Tools.

87. Pifer, who was over the age of 40, was a member of a statutorily-protected class under the ADEA at the time she was terminated from her employment with Mac Tools.

88. Pifer was terminated from her employment on or around April 15, 2016.

89. After terminating Pifer, Mac Tools replaced her with a person who was significantly younger and/or not belonging to her protected class under the ADEA.

90. As a direct and proximate result of Defendant's conduct, Pifer has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Pifer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. By, among other things, discriminating against Pifer due to her age and/or disability, and then by terminating her employment under the false guise of criminal accusations, Mac Tools intended to cause Pifer emotional distress, or knew that its acts or omissions would result in serious emotional distress to Pifer.

93. Mac Tools' conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and was such that it can be considered as utterly intolerable in a civilized community.

94. As a direct and proximate result of Mac Tools' acts and omissions as set forth above, Pifer has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

95. As a direct and proximate result of Mac Tools' conduct and the resulting emotional distress, Pifer has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Pifer demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to restore Pifer to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

c) Issue an order requiring Defendant to withdraw or have removed the false police report filed against Pifer regarding the unsubstantiated, false criminal allegations;

d) An award against Defendant for compensatory and monetary damages to compensate Pifer for physical injury, physical sickness, lost wages, emotional distress, and other

consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

e) An award of punitive damages against Defendant in an amount in excess of $25,000;

f) An award of reasonable attorneys' fees and non-taxable costs for Pifer's claims as allowable under law;

g) An award of the taxable costs of this action; and

h) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/Matthew G. Bruce
Matthew G. Bruce (0083769)
Trial Attorney
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Ste. 200
Beachwood, Ohio 44122
Phone: (513) 883-1147
Fax:    (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com

*Attorneys for Plaintiff Judith Pifer*

## JURY DEMAND

Plaintiff Judith Pifer demands a trial by jury by the maximum number of jurors permitted.

/s/Matthew G. Bruce
Matthew G. Bruce (0083769)